## JOSEPH OWENS v. THE STATE.

1. DYING DECLARATIONS. *Accused as witness.*

   Under Code 1880, § 1603, a person on trial for murder can testify in his own behalf if the dying declarations of the person alleged to be murdered are introduced by the State. *Strickland* v. *Hudson*, 55 Miss. 235, cited.

2. SAME. *Competency. Preliminary proof.*

   Competency of dying declarations is a question for the court; and it is erroneous to admit them in evidence in such a case until full investigation of the circumstances under which they were made shows that they conform to the requirements of law.

APPEAL from the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge.

Special bills of exceptions, signed at the appellant's trial which resulted in his conviction for the murder of J. P. Boarman show that a member of the board of supervisors was called by the State and testified that he had written a document which was produced as Boarman's dying declaration, as the questions which he asked were answered by Boarman, who after hearing the whole read over to him approved and signed it, that the appellant then proposed to cross-examine the witness in order to show that Boarman was not aware that he would die when he signed the paper, but that the court refused to allow any investigation until the conclusion of the exami-

nation of the witness by the State, and permitted the writing to be read in evidence over the appellant's objection; that the contents of this paper were that Boarman went with the appellant's wife to get her clothing from her husband, with whom he was friendly, when unexpectedly the appellant drove him away, and, as he fled, pursued him on horseback, overtook him, and deliberately shot at him while he was trying to screen himself behind an obstruction and missed him, and then, while he was begging the appellant not to shoot and telling him that he was getting away as fast he could, fired the second charge with fatal effect; that after the State closed its evidence the appellant offered to testify in his own behalf, under Code 1880, § 1603, to his version of the shooting, but the court, on the district attorney's objection, refused to permit him to be introduced.

*J. F. Sessions* and *T. R. Stockdale*, for the appellant.

1. No foundation was laid for the introduction of the dying declarations. The appellant should have been permitted to cross-examine the magistrate. No investigation was permitted; and, for all that appears, material statements of the wounded man may be omitted from this paper. Full inquiry must be allowed before the declaration goes to the jury. Afterwards it is useless. The competency of this kind of evidence is a preliminary fact essential to be proved before its admission. It is a question for the court alone, and a separate and independent inquiry is necessary. *McDaniel* v. *State*, 8 S. & M. 401; *Nelms* v. *State*, 13 S. & M. 500; *Lambeth* v. *State*, 23 Miss. 322. It may be that Boarman was delirious; and this the magistrate only could know. Arch. Crim. Pr. 432.

2. Boarman was, within the spirit and intent of Code 1880, § 1603, "introduced as a witness by the State." Were he alive and subject to cross-examination, the appellant could testify. His *ex parte* statement should be subject to the same check. The object of the statute is to admit each party's version of the affair when either is introduced. Dying declarations may be contradicted, or the declarant's veracity impeached, or his contradictory statements may be proved and his enmities and prejudices considered. *Nelms* v. *State*, 13 S. & M. 500; Arch. Crim. Pr. 434, 435. Except that cross-examination is

impossible, a dying declaration is treated just as the witness's testimony in open court would be.   A reason for allowing such evidence is that otherwise in certain cases no eye-witness could be produced, but by a fair construction of the statute this difficulty exists no longer.

*Mr. Stockdale*, also argued the case orally.

*T. C. Catchings*, Attorney General, for the State.

CAMPBELL, C. J., delivered the opinion of the court.

The court erred in refusing to allow the accused to testify as a witness for himself.   The State having introduced the dying declarations of the deceased, the accused was thereby made a competent witness.   The object of § 1603 of the Code of 1880 was to make the accused a competent witness for himself, when the testimony of the person on or against whom or whose property the offence is alleged to have been committed was used against him.   Its purpose was to effect justice by hearing the accused as a witness in response to the testimony of his adversary.   Although the person on whom the murder was alleged to have been committed was not introduced as a witness by the State, in the sense of being on the stand confronting the accused, he was made a witness through what is claimed to be, and what was admitted in evidence as his dying declarations, and it is within the spirit of the statute that the accused should be heard as a witness for himself under these circumstances. *Strickland* v. *Hudson*, 55 Miss. 235.

When the dying declarations were offered in evidence it was the duty of the court, before admitting them, to fully investigate the circumstances under which they were made, with the view of ascertaining whether they were admissible in evidence as such under the rules of law with respect to that sort of evidence.   The competency of such evidence is a preliminary inquiry to be made by the court, which should be satisfied of it before the jury is permitted to hear it.

*Judgment reversed.*