W. M. STRICKLAND v. J. L. HUDSON, ADMINISTRATOR.

1. EVIDENCE. *Testimony of a deceased party.*
   The case was tried three times. On the first two trials both parties testified.
   Before the third trial, H., the plaintiff, died and the action was revived by her
   administrator. On the last trial the testimony of H., as given in the former
   trials, was admitted in evidence. S., the defendant, was then offered as a wit-
   ness, but his testimony was rejected as incompetent. *Held*, that the court.
   properly admitted the testimony of H. given on the former trials, but S. should.
   have been allowed to testify as to the matters embraced in H.'s testimony.

:2. BILLS OF EXCEPTION. *On motion for third new trial.*

A party who has had two new trials granted him is not entitled to any benefit in this court from a bill of exceptions taken on the overruling of his motion for a third new trial, but is confined to his special bills of exception taken in the progress of the trial and before the jury retires from the bar.

·3. RENT. *When occupant not bound to pay.*

A landlord cannot collect rent from one who, upon his invitation, has occupied his premises, nothing having been said by the parties as to any rent.

-4. AGENCY. *Ratification. Money received by agent.*

S. authorized C. to receive money belonging to H., but without her consent. C. obtained the money, but did not pay it to S. H. afterwards brought an action against S. to recover the money. *Held,* that H. might ratify the action of S., and hold him responsible for the money received by C., the latter being regarded as his agent.

-5. INSTRUCTIONS. *When presumed to be correct.*

Where instructions are excepted to, and it is not apparent that they would have been inapplicable to any state of case which might exist, it will be presumed that the proper case for such instructions did exist, unless the evidence is preserved in the record, and shows the contrary.

ERROR to the Circuit Court of Marshall County.

Hon. SAMUEL POWELL, Judge, specially presiding, by ex--change with Hon. J. W. C. Watson.

There were two trials in this case, in each of which Mrs. Hudson, the plaintiff below, testified, and in each obtained a verdict. A new trial was granted upon each verdict. Before the third trial Mrs. Hudson died, and the suit was revived in the name of her administrator. On the third trial the evidence of Mrs. Hudson, as given on the former trials, was offered before the jury. The defendant objected, but the court overruled the objection, and the evidence was admitted. After the close of the plaintiff's evidence, the defendant, Strickland, offered proof of his testimony as given on the former trials. The plaintiff objected, and the court sustained the objection. The defendant then offered himself as a witness, to prove what he had testified on the former trial, and to submit to further cross-interrogation by the plaintiff. The plaintiff objected, and the court refused to permit Strickland to testify. A special bill of exceptions was taken to these rul-.

ings at the time they were severally made.  Strickland had
been the guardian of Mrs. Hudson.  In December, 1863, at
Canton, Mississippi, he gave a power of attorney to one Car-
ney to draw certain moneys from Mr. Hobson, in Kentucky,
belonging to his wife and Mrs. Hudson.  Carney drew the
money, but never paid it to Strickland.  Mrs. Hudson brought
this action to recover her portion of the money.  The defense
was that this transaction between Strickland and Carney was
illegal, on account of the war, and, as Strickland received no
money, Mrs. Hudson could not recover.

In 1863, Strickland invited Mrs. Hudson to occupy his resi-
dence in Holly Springs.  She did so, and remained in the
house until the fall of 1865.  Nothing was said about rents.

Strickland set up, under a plea of payment, the value of
the rents as an off-set to Mrs. Hudson's demand for the
money claimed to have been received from Carney.  The jury
allowed nothing for rent.  No special bill of exceptions was
taken at the trial on the rulings as to the charges, but the
charges and the exceptions were embraced in the general bill
of exceptions taken on the overruling of the motion for a new
trial.

A third verdict was rendered for the plaintiff.

*Walter & Walter*, *R. S. Stith*, and *Fant & Fant*, for the
plaintiff in error.

The court erred either in the admission of Mrs. Hudson's tes-
timony, given on a former trial in her life-time, or in excluding
Strickland's, given on the same trial.  One or the other ruling
was wrong.  The test of the admissibility of the testimony of
a deceased witness is that such witness was sworn and exam-
ined in the same case and on the same subject-matter.  *Jack*
v. *Bridewell*, 51 Miss. 881–889; 1 Greenl. on Ev., sec. 163.
And it makes no difference whether the lips of the witness are
sealed by the finger of death or the law.  *Ib.*, sec. 168; 1 Ph.
on Ev. 230.  Strickland once having been sworn and cross-
examined, and testified in the same case and on the same
subject-matter, and his lips being now sealed by the finger of

the law, his former testimony should have been admitted. The absence of a witness from the state, or sickness, or any cause that prevents his attendance, is sufficient reason for admitting his testimony given on a former trial.   *Ib.*

The very question here presented has been decided in Georgia, under a statute exactly like ours, with the exception that the deposition of parties may be taken.   The court decided that the introduction of the deposition of a deceased party rendered the evidence of the surviving party admissible. *Monroe* v. *Napier*, 52 Ga. 385.   Judge Dillon, construing the acts of Congress on this subject similar to our own, held that where the evidence of a testator was before the jury, the opposite party should be allowed to testify.   *Munn* v. *Odell*, 2 Dill. 475.   See, also, *Armitage* v. *Redman*, 41 Md. 119. Wharton says that " the intermediate incapacitation of a witness does not exclude his deposition taken when competent." 1 Whart. on Ev., sec. 477.   Mrs. Hudson was responsible for rent.   Whenever one person occupies the premises of another without anything being said as to rent, the law raises an implied promise on the part of the tenant to pay reasonable rent.   *Gower* v. *Thompson*, 4 Metc. 224 ; *Hull* v. *Vaughn*, 6 Price, 157 ; 2 Exch. Rep. 422 ; 1 Chitty on Con. 510–515 ; Taylor's L. & T. 495.

The power of attorney given by Strickland, at Canton, in December, 1863, to draw money from Kentucky, was, on account of the war, illegal ; and, as Strickland did not receive the money, no right of action could possibly accrue to Mrs. Hudson from this transaction.   *Armstrong* v. *Toler*, 8 Wheat. 258 ; *Brooks* v. *Martin*, 2 Wall. 70 ; 4 N. H. 290 ; 4 Pet. 410 ; 3 Wheat. 204 ; 6 Smed. & M. 624 ; 7 Smed. & M. 380 ; 10 Smed. & M. 89 ; 14 Smed. & M. 18 ; 40 Miss. 341.   The case of *Gilliam* v. *Brown*, 43 Miss. 641, is unlike the case at bar.   There the illegal transaction had terminated, and money resulting from it was in the hands of the administrator of the party doing the illegal act.   In this case no money ever was in Strickland's hands, and Mrs. Hudson, if she recovers, must

do so through the illegal transaction with Carney. She cer-
tainly cannot recover in *assumpsit* for money had or received
— none having been received. Possibly a special action on the
case might lie, in which she could recover for any damage she
may have sustained by Strickland's action, but she cannot
maintain *assumpsit* unless Strickland realized something from
the transaction.

*Featherston & Harris*, for the defendant in error.

As Mrs. Hudson had in her life-time testified in the same
case, on the same subject-matter, and been subjected to cross-
examination, her testimony, as thus given, could be proven on
a trial after her death. 1 Greenl. on Ev., secs. 163–167 ; Ph.
on Ev., secs. 368, 369, 938 ; *Johnson* v. *The State*, 2 Yerg.
58 ; 18 Pick. 437 ; 3 Wash. 440 ; 2 Russ. on Cr. 661 ; 1 Whart.
on Ev., sec. 179. Strickland's testimony was clearly not ad-
missible. It was in reference to a matter occurring in the life
of Mrs. Hudson, and with her, and the statute expressly ex-
cludes him as a witness. Code 1871, sec. 758. The principle
here contended for is fully sustained by this court. *Rushing*
v. *Rushing*, 52 Miss. 331 ; *Wood* v. *Stafford*, 50 Miss. 370 ;
*Praler* v. *Jordon*, 44 Miss. 289 ; *Buckingham* v. *Walker*, 48
Miss. 632 ; *Boylan* v. *Holt*, 45 Miss. 277 ; *Rhinehardt* v. *Evans*,
48 Miss. 230 ; *Lamar* v. *Williams*, 39 Miss. 347.

The statute positively excluded Strickland as a witness. If
there be a hardship, it must be removed by the Legislature,
not by this court. Even if Strickland's testimony had been
admitted, the result would not have been different ; and, in
such a case, the exclusion of even proper evidence would not
be error. *Cogan* v. *Frisby*, 37 Miss. 178 ; *Barringer* v. *Nes-
bit*, 1 Smed. & M. 22 ; *McMullen* v. *Mays*, 8 Smed. & M.
288 ; *Magee* v. *Warrington*, 13 Smed. & M. 403. As three
verdicts have been rendered for the plaintiff below, this court
ought, under no circumstances, to grant a new trial. The
former decisions of this court did so hold. *Stamps* v. *Bush*,
7 How. 255 ; *Marr* v. *Perkins*, 1 Smed. & M. 412. The
court, in later decisions, has held, if there were errors in law

committed by the court, a third new trial might be granted. *Garnett* v. *Kirkman*, 4 Geo. 389 ; *Rays* v. *McClary*, 4 Cushm. 404 ; 7 Cushm. 143–156. These errors, however, can be brought to the attention of the court only by special bill of exceptions. None was so taken to the rulings of the court, and they ought not to be noticed.

Mrs. Hudson could not be affected by the illegal acts of Strickland and Carney. They alone were parties to it, and neither could have enforced any demand under it against the other. *Russell* v. *Wheeler*, 17 Mass. 281 ; *Shafner* v. *Gordon*, 12 East, 304 ; *Gilliam* v. *Brown*, 43 Miss. 641 ; *Brooks* v. *Martin*, 2 Wall. 70. Mrs. Hudson. knew nothing about it at the time, and repudiated it as soon as she heard of it. She had the right to sue Strickland for any injury resulting to her from it, and the cases of *Russell* v. *Wheeler*, and others before cited, could not apply to her. Her money had been drawn from Kentucky by Carney, and part of it, with some goods bought with part, was in Strickland's possession. The contract was executed between them, and Mrs. Hudson had the right to sue. *Brown* v. *Gilliam*, 43 Miss. 641. Strickland had ratified Carney's act by this part reception, and this was a ratification of all his acts under the power of attorney. *Burns* v. *Yeizer*, 5 Cushm. 188 ; *Franks* v. *Wagner*, 3 Cushm. 121 ; *Bowers* v. *Johnson*, 10 Smed. & M. 169 ; *Magee* v. *Insurance Co.*, 2 Otto, 98 ; 19 Am. Law Rep. 521, 522. Having received part of the money drawn by Carney, Strickland is bound for the whole, and *assumpsit* will lie for the whole. 1 Chitty's Pl. 112, 384 ; *Pease* v. *Barber*, 3 Caines, 266 ; *Carroll* v. *Green*, 2 Otto, 513 ; *Gilliam* v. *Brown*, 43 Miss. 662.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error, having had two new trials in this case, is not entitled to any benefit from his bill of exceptions tendered on the overruling of his motion for a new trial, and must be confined to his bill of exceptions to the ruling of the court upon the admission and exclusion of evidence, as that is

all that is embraced in the special bill of exceptions tendered before the jury retired from the bar. *Bowers, Admr.*, v. *Ross, ante*, 213, and cases there cited.

It was proper to admit the evidence of what Mrs. Hudson, who had since died, testified in a former trial. 1 Greenl. on Ev., sec. 163. The plaintiff having introduced evidence of what Mrs. Hudson had testified in this case on a former trial, Strickland should have been admitted to testify to the matters covered by her evidence. His exclusion was within the letter, but not the spirit and intent, of the statute on the subject of parties testifying. *Qui hæret in litera, hæret in cortice. Mumon, Admr.*, v. *Owens*, 2 Dill. 675 ; *Monroe* v. *Napier* et al., 52 Ga. 385 ; *Jacks* et al. v. *Bridewell* et ux., 51 Miss. 881.

It would be most unjust to permit the testimony of one of the parties to a transaction to go to the jury and exclude that of the other, and such a result is not within the contemplation of the law. The principle is that the living party shall not be heard to give his version of a transaction about which death has sealed the lips of the other ; but when the testimony of the deceased party is made available in the controversy, it would shock justice to deny the right of the living party to be heard as to the matters covered by that testimony.

The evidence of Strickland, which was offered and rejected, could not properly exert any influence on the jury. It was directed to but two points, viz., the rent of his house, and the fact that he had not personally received any of the money sued for. According to his statement, he had no legal claim on Mrs. Hudson for rent, because she had occupied his house at his request, and he does not say that anything ever occurred afterwards between him and Mrs. Hudson, in reference to the occupancy of the house, from which any claim for rent could arise against her. Although Strickland did not receive from Carney any of the money he had procured to be delivered to him, he was answerable to Mrs. Hudson as though he had received it, because he had assumed to act for her in directing the payment of her money to Carney, and she had the right

to ratify his action, and to hold him responsible for what he received by his agent, as if he had received it himself. *Qui facit per alium, facit per se.* Carney's receipt of the money was his receipt of it.

As we are not authorized to look at the evidence contained in the bill of exceptions taken to the overruling of the motion for a new trial, and none of the instructions can be said not to be proper in any state of case, we must assume that that state of case existed which made them proper; but, apart from this, we do not perceive any error in the instructions, as applied to so much of the case as is presented to us by the bill of exceptions.

Judgment affirmed.