MARY ANN LEAHY, Administratrix, Appellant, v. VALLE RAYBURN, Administrator, Respondent.

**St. Louis Court of Appeals, November 27, 1888.**

Practice, Trial: WITNESS. Where the deposition of one party to a suit is taken in his own behalf, and he afterwards dies before the trial, the other party will be a competent witness as to such matters only as were testified to in the deposition, and this whether the deposition be or be not previously offered in evidence by either party.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*William E. Jones*, for the appellant.

The authorities are uniform to the effect that where no testimony has been given before the jury, court or referee, on the part of the deceased party, the surviving party will not be allowed to testify under any circumstances, and such are the facts exactly in this case. *Corley v. Wright*, 9 Mo. App. 5 ; *Chapman v. Daugherty*, 87 Mo. 617 ; overruling *Bradley v. West*, 68 Mo. 69 ; *Lewis v. Wesonham*, 1 Mo. App. 222 ; *Kellog v. Martin*, 62 Mo. 429 ; *Ring v. Jamison*, 66 Mo. 424 ; *Martin v. Jones*, 59 Mo. 181 ; *Hilton v. Newman*, 6 Mo. App. 304 ; *Wood v. Martin*, 73 Mo. 477 ; *Butts v. Phelps*, 79 Mo. 302 ; *Williams v. Perkins*, 83 Mo. 379 ; *Prickett v. Reynolds*, 21 Mo. App. 674 ; *Blaebaum v. Gambs*, 56 Mo. 183 ; *Lewis v. Oliver*, 22 Mo. App. 203.

*Joseph S. Laurie*, for the respondent.

Appellant contends that defendant was not competent as a witness for the reason that the deposition of

the other party, afterwards deceased, although taken and filed in the case, had not been introduced in evidence. We submit that the presence of said deposition, taken under the circumstances and for the purposes hereinbefore indicated, was equivalent to the presence of the intestate in court, and placed the parties upon a perfect equality within the meaning and spirit of the statute. In our opinion the effect is the same under such circumstances as if the deposition had been actually read. But we do not consider it an open question in this state that Hermann was a competent witness, whether said deposition was read or not, the same being on file in the case. *Coughlen v. Haeussler*, 50 Mo. 126. Appellant insists that in order to bring himself within the rule indicated by the authority just cited, it was necessary that Hermann should have first laid the foundation for his testimony by showing what the deposition contained and then limiting his testimony to such matters concerning which the intestate had thus testified. We submit that the record shows this course was pursued. The referee's ruling, recited *supra*, discloses that he permitted Mr. Hermann to testify only as to those matters contained in the deposition of intestate. But we submit that it is immaterial whether or not Mr. Hermann laid the foundation for his testimony in the formal manner upon which appellant's counsel now insist. No objection for any such reason was made before the referee or the court below upon the exceptions to referee's report, but only the general objection to said testimony, because the witness was incompetent under the statute. Had the objection as now urged been made either before the referee or the trial court, there would have been an opportunity to determine the question and correct the error, if any. An objection of this character cannot be raised for the first time in an appellate court. *Kaufman v. Harrington*, 23 Mo. App. 572.

PEERS, J., delivered the opinion of the court.

Plaintiff brought suit in the St. Louis circuit court, against the defendant for three hundred and seventy-five dollars, money had and received. To this petition the defendant filed an answer admitting the receipt of the money, and pleaded a set-off in excess of the amount as a defense. The matters were sent by the circuit court to a referee to hear the testimony and report. The referee, after hearing the testimony, found a balance due the plaintiff of $16.08, and recommended a judgment accordingly. During the course of the examination before the referee, the following appears of record: "The defendant admitted that on or about the date mentioned in the petition, he received from James Leahy a check for $371.53." After several continuances the hearing was begun before the referee on the fourteenth of May, 1887. After the pleadings were in, the defendant was sworn on his own behalf. Plaintiff objected to the testimony of defendant on the ground that the plaintiff in the case is dead, whereupon the following discussion took place:

"Mr. Rayburn: I make the same answer I did before Judge Horner when the case was tried. The plaintiff's deposition was 'preserved' by plaintiff himself. Mr. Jones took plaintiff's deposition when he was *in articulo mortis*. The deposition is here. I think there can be no doubt of the rights of Mr. Hermann to testify under that state of facts.

"Mr. Jones: I object to it under the statute; under the section as to witnesses.

"Referee: I shall rule that Mr. Hermann can testify as to those matters which Mr. Leahy has in his deposition testified to, it appearing that the deposition of James Leahy was taken in this case and filed in the circuit court on April 21, 1884."

The examination of Mr. Hermann, the defendant, was then proceeded with.

The deposition here referred to was neither offered nor read in the hearing before the referee, nor is it contained in the record before us. When the report of the referee was filed the plaintiff filed his exceptions thereto, assigning the following reasons : "First : The plaintiff in this cause is, and prior to any trial in this action was, deceased. The defendant admitted having received the money sued for by plaintiff and the plaintiff rested. No testimony at any time before the referee or any court or jury had been given by the plaintiff, hence the referee erred in allowing defendant to testify, when the plaintiff objected on the ground that the original plaintiff was dead." The court overruled the exceptions, as he also did those of the defendant, and entered judgment on the report of the referee, to which plaintiff excepted, and, after an unsuccessful motion for a new trial, brings the case here by appeal.

The case as presented by the appellant turns upon the sole question as to the admissibility of the defendant's testimony, it being an admitted fact that the plaintiff was dead at the time of the hearing before the referee. The solution of the question depends upon the construction of the following statute, as applicable to the facts of this case : "* * * where an administrator or executor is a party, the other party shall not be admitted to testify in his own favor unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator ; provided further, that in actions for the recovery of any sum or balance due on account, and when the matter at issue and on trial is proper matter of book account, the party living may be a witness in his own favor as far as to prove in whose handwriting his

charges are, and when made, and no further." G. S., sec. 4010. This question was before our supreme court in the case of *Coughlin v. Haeussler, Ex'r*, 50 Mo. 126, and the court, in an opinion by BLISS, J., held : "Where the testimony of both parties, given at the first trial of a cause, is preserved in a bill of exceptions, the minutes of the testimony of either party so recorded may be given in evidence at the second trial, in case of his death in the meantime ; consequently the surviving party may then testify, although the counsel of the deceased party refuses to put in evidence the minutes of his former deposition. The object and spirit of the statute is to place parties upon an equality, so that one shall not be permitted to testify to transactions cognizant to both, when the other can no longer be heard. But the surviving party should, at his second examination, be *interrogated* upon his own side, *only upon the points embraced in his former testimony,* and if he gave a different version of them, his testimony should so far be ruled out. And the burden of showing the agreement between the testimony given at the first and that rendered at the second trial, in order to demonstrate its competency, rests on the party offering himself as a witness."

Following this rule, the former testimony of Leahy could have been read (*Parsons v. Parsons*, 45 Mo. 265), and in that case Hermann could have testified, " unless the object and spirit of the statute be made to yield to its letter." But if plaintiff refuses to offer the deposition, may defendant still be a witness ? " It cannot (says the supreme court, *supra*) be doubted that if both parties had died, and a record of their testimony had been preserved, it might, on the second trial, have been offered on either side." " The object of judicial investigation is the truth, and the tendency of modern rulings is, under reasonable rules, to exclude nothing that can throw light upon the transaction. Statutes and rules are interpreted to this end, and it would be in

the interest of concealment to shut out upon the second trial the testimony of the plaintiff merely because the defendant refuses to offer that of his testator." Substitute " defendant" for " plaintiff" in the last paragraph of the above quotation, and we have the case before us. True, plaintiff was, by the admissions of defendant, relieved of the necessity of introducing the deposition, but he is in no condition to claim any advantage from that fact, nor does it alter the principle laid down by the supreme court, above referred to. The effect is the same under such circumstances as if the deposition had been actually read. The referee's ruling discloses that he permitted Hermann to testify only as to those matters contained in the deposition of intestate. In what manner he was enabled to limit the testimony of Hermann as to matters embraced in the deposition does not appear, but we are at liberty to presume, in the absence of a contrary showing, that an orderly and proper course was pursued by the referee in confining the testimony of Hermann to such matters as were contained in the deposition.

The ruling of the referee was right and the judgment of the circuit court will, with the concurrence of the other judges, be affirmed.

