STONE v. HUNT, Executrix, *Appellant.*

### Division One, February 6, 1893.

1. **Witness:** DEATH OF PARTY: COMPETENCY OF LIVING PARTY. Where the testimony of one of the parties to a suit 'has been taken in the form of a deposition, or his testimony has been preserved by a bill of exceptions, and such party has died, the living party may testify in his own behalf, and this too, whether the representative of the deceased does or does not produce and introduce the testimony of the deceased.

2. ———: ———: ———. The living party cannot in such case testify as to matters not included in the testimony of the decedent, but he may correct any errors given by himself upon the former trial.

3. **Supreme Court Practice:** PRESUMPTION. It is presumed that the trial court ruled correctly in admitting evidence until the contrary appears.

4. ———: INCOMPETENCY OF WITNESS: OBJECTION. An objection to evidence "as incompetent" is insufficient to raise the question on appeal that, witness, being a party, could not testify because the adverse party was dead.

5. **Damages:** FALLING WALL: CONTRIBUTORY NEGLIGENCE. In an action to recover damages to personal property by the falling of a wall upon it, the fact that the plaintiff failed to remove his property, after being notified that it was unsafe for him to go in the building, does not show contributory negligence, especially where it appears the wall did not fall from inherent weakness, but because of the unskillfulness of the persons taking it down.

6. **Practice:** INSTRUCTION. An instruction should not be given on an issue not made by the evidence.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*C. M. Napton* for appellant.

(1) The court erred in permitting the plaintiff Stone to testify. *Coughlin v. Haeussler,* 50 Mo. 126,

is not a sound decision. It is judicial legislation. When one of the parties is dead, the other party stands in regard to testifying precisely as if the statute allowing parties to testify had not been enacted. *Ring v. Jameson*, 66 Mo. 424; *Angell v. Hestis*, 64 Mo. 144. Said decision of *Coughlin v. Haeussler* is not supported by precedent or authority. (3) It was error to permit Stone to testify in rebuttal, over defendant's objection, about the articles which had been taken from the old museum up to his cellar on St. Louis avenue. (4) The court erred in refusing defendant's instruction on contributory negligence, which was pleaded in the amended answer filed since the last appeal. (5) The first instruction given is erroneous, because it assumes that the damage resulted from the negligence of the persons taking down the walls, when that was a question of fact which should have been submitted to the jury. (6) A landowner should not be held liable for the act of trespassers. *Berry v. St. Louis*, 17 Mo. 125; *Morgan v. Bowman*, 22 Mo. 546; *Clark v. Railroal*, 36 Mo. 228.

*Lee & Ellis* for respondent.

(1) The court did not err in permitting plaintiff to testify. *Coughlin v. Haeussler*, 50 Mo. 126; *Corby v. Wright*, 9 Mo. App. 6; *Leahy v. Rayburn*, 33 Mo. App. 55. (2) There was no error committed by the court in denying defendant's instructions concerning contributory negligence. The instruction as asked was wrong in form, and was not authorized by any evidence in the case. (3) The instructions given by the court to the jury in this case correctly declare the law, and have been made fully to conform to the criticism of this court when the case was heard after the former trial. *Stone v. Hunt*, 94 Mo. 475. (4) The terms and conditions of the deed of trust and insurance policies do not affect the title or possession of the property.

BLACK, P. J.—The evidence shows that Charles L. Hunt was the owner of two buildings in St. Louis, separated by a common wall, the north one being three and the south one five stories in height. The plaintiff occupied the upper part of the north building for a museum and was the tenant of Hunt. Hunt had both buildings leased out to various persons, and he collected and received the rents. The interior portions of the five-story building were destroyed by a fire in November, 1877, which left the walls only standing. These walls were in a dangerous condition, and Hunt was notified to take them down by the proper city authorities. Persons engaged in taking them down caused one to fall over against and upon the house occupied by the plaintiff, knocking the south wall of that building down, and thereby destroying much of the plaintiff's museum property; and this is a suit to recover damages for the injuries done to this property. The case was here before and is reported in 94 Mo. 475.

1. The principal question now arises out of the action of the trial court in allowing the plaintiff to testify in his own favor. Charles L. Hunt was the original defendant. He and the plaintiff testified on the first trial, and their testimony was preserved by a bill of exceptions. The defendant died and the cause was revived in the name of his executrix. On the second trial the plaintiff offered himself as a witness in his favor, and the defendant objected. Thereupon the plaintiff offered in evidence the bill of exceptions, not as evidence to go to the jury, but to show to the court what the testimony of the deceased and that of the plaintiff was on the former trial, and as a guide to the proposed examination. The court then overruled the objection and allowed the plaintiff to testify, to which ruling defendant excepted. At a subsequent

stage of the trial, the defendant read in evidence the testimony of the deceased as preserved in the bill of exceptions.

Under our statute parties to the suit and parties in interest may testify the same as other persons. It is, however, provided that where one of the original parties to the contract or cause of action in issue and on trial is dead, and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor.

As has often been said, this statute excluding one party when the other is dead, was designed to place them upon an equality. Accordingly the course of our decisions has been to follow the spirit rather than the strict letter of the law. Hence it has been held that the statute was not intended to exclude evidence which was admissible and competent when it was given. *Parsons v. Parsons*, 45 Mo. 265. That was an action of ejectment. The action was first brought against Isaac Parsons, and pending that suit the defendant's deposition was taken; he died and the suit was discontinued, and the plaintiff then brought suit against the widow of the deceased. At the trial of the second suit the court allowed the widow to read in evidence the deposition, and that ruling was approved. So it has been held, when the defendant gave his deposition in his own behalf in one case, that the deposition was competent evidence after his death in another suit brought by his executors against the plaintiff in the former suit concerning the same subject-matter. *Allen v. Chouteau*, 102 Mo. 310. It is elsewhere held, under like statutes, that if a party to a suit give his deposition in his own favor and die, and the cause is revived in the name of his executor or administrator, the latter may read the deposition in evidence. *Strickland v. Hudson*, 55 Miss. 235; *McDonald v. Allen*, 8 Baxter, 446.

But when the testimony of the deceased party is used in favor of his estate, the living party is a competent witness, certainly as to all matters covered by the deposition of the deceased. *Allen v. Chouteau, supra; Strickland v. Hudson, supra; Carithers v. Venable*, 52 Ga. 389; *Mumm v. Owens*, 2 Dillon, 476. The same rules must, of course, apply where the testimony of the deceased party has been preserved by a bill of exceptions.

Though the cases cited are not in exact point here, still they serve to show to what extent the courts have gone to work out the purpose, object and spirit of the statute. Here the representative of the deceased party had not read in evidence the testimony of the deceased, as in the cases cited; but the plaintiff disclosed the fact that the testimony of the deceased had been duly preserved, and then offered himself as a witness in his own favor, leaving it to the defendant to use or not, as she liked, the testimony of her testate.

It seems to have been held in *Hollis v. Calhoun*, 54 Ga. 115, that when one of the parties to the contract or cause of action in issue and on trial was dead the other party could not testify in his own favor, though the deposition of the deceased had been taken and filed in the cause, until the representative of the deceased produced in evidence the deposition.

This court, however, took a different view of the matter in *Coughlin v. Haeussler, Ex'r*, 50 Mo. 126. In that case the deposition of the plaintiff had been taken and filed; but he appeared at the first trial and he and the defendant then testified, and their evidence was preserved by a bill of exceptions. The defendant died before the second trial, at which the plaintiff read in evidence the deposition which he had before given. The executrix of the original defendant had not offered and did not read the evidence of her testate found in

the bill of exceptions. This court held that the deposition was properly admitted in evidence. Speaking through Judge Bliss the court said: "It cannot be doubted that if both parties had died, and a record of their testimony had been preserved, it might at the second trial have been offered on either side. Is it reasonable to put the plaintiff in a worse condition than his administrator would be in? * * * The object of judicial investigation is the truth, and the tendency of modern ruling is, under reasonable rules, to exclude nothing that can throw light upon the transaction. Statutes and rules are interpreted to this end, and it would be in the interest of concealment to shut out upon the second trial the testimony of the plaintiff merely because the defendant refuses to offer that of his testator." That case has been cited on several occasions by this court, has been followed by the court of appeals in a like case (*Leahy v. Rayburn*, 33 Mo. App. 55), and the rule there laid down, as thus far stated, is based upon sound reasoning and is now again affirmed.

Where, therefore, the testimony of one of the parties to a suit has been taken in the form of a deposition, or his testimony has been preserved by a bill of exceptions, and such party is dead, the living party may testify in his own behalf, and this too whether the representative of the deceased does or does not produce and introduce the testimony of the deceased. Such a rule leaves the parties upon an equality, and is in accord with the object of the statute.

In the *Coughlin-Haeussler Case* it was said in the course of the opinion that the plaintiff, the living party, "should be interrogated upon his side only upon the points embraced in his former testimony, and if he gave a different version of any of them his testimony should so far be ruled out." According to this

limitation upon the rule before stated, the witness could not correct any error in his former testimony. We must and do disapprove of what was then said as to this limitation, for its effect is to shut out the truth, and it has been found impracticable to apply it in the trial of causes. If the party testifying makes statements differing from those given on a former hearing, the former testimony may be used by the opposite party to impeach his evidence by showing contradictory statements.

It is often the case that the deposition of a party to a suit is taken not to cover the whole of the issues but simply to preserve the proof of some particular fact or facts; and in making up bills of exceptions the whole of the evidence need not be, and often is not, preserved. In view of these facts we think the testimony of the living party should be confined to the points covered by the testimony of the deceased. This qualification was also asserted in the *Coughlin-Haeussler Case*, and to it we adhere. The court did not err in allowing the plaintiff to testify in this case, it having been first shown that the former testimony of Hunt appeared in and was preserved by the bill of exceptions.

2. The plaintiff Stone testified in rebuttal concerning certain articles which had been taken from the museum to his residence, and it is now urged that this evidence should not have been received, because the deceased gave no evidence upon that subject. The appellant has not seen fit to set out in her abstract the evidence of Hunt, and this she should have done if she desired a ruling on this question. The presumption is that the trial court ruled correctly until the contrary is made to appear.

But the point is not well taken for the reason that this objection was not made in the trial court. When

Stone was recalled in rebuttal and asked a question concerning this property, the defendant said "objected to as incompetent." The witness did not answer the question nor did the trial court make any ruling. Other questions were then asked and answered to which no objections were interposed. Treating the objection made as applying to the subsequent questions, still it was only an objection to the competency of the evidence and the evidence was competent. The objection made here was not made in the trial court, and no such question is before us for review.

3. When the case was here before the judgment was reversed, among other reasons, because the first instruction assumed that damage resulted to plaintiff by reason of the negligence of persons taking down the walls. That error was cured by the first instruction given on the last trial, so that the same objection now made is not well taken.

4. There is evidence to the effect that the chief of the fire department told Stone he had better keep out of his building, that it was unsafe for him to go in there, and that Stone said he would take the chances. On this evidence the defendant asked, and the court refused, an instruction to the effect that the plaintiff was guilty of contributory negligence in not removing his goods. This evidence tends to show that it was unsafe to remove the property, and this being so, it is difficult to see how the plaintiff could be guilty in not removing it. He was certainly not bound to hazard his life to save the property.

Again the evidence all tends to show that the wall fell, not because of its inherent weakness, but because the person removing it pulled it down with a rope instead of taking it down brick at a time, so that the failure to remove the property had nothing to do with the falling of the wall.

5. It is claimed that the court erred in refusing an instruction to the effect, that, if the men who threw down the wall were trespassers, and did so without the knowledge of Hunt, the finding should be for the defendant. There was evidence tending to show that these men were employed by Hunt, and there was other evidence tending to show that they were employed by the insurance companies having policies on the building, and that the work was being done with the knowledge and consent of Hunt, but there is no evidence that the men were trespassers. At all events the appellant's abstract discloses no evidence calling for such an instruction. There was no evidence upon which to base it. The real question in this case is the one first discussed. The judgment is affirmed. All concur.