ALFRED B. CARPENTER, Respondent, v. GRUENDLER MACHINE COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted October 13, 1911.    Opinion Filed December 5, 1911.

1. **APPELLATE PRACTICE: Review: Evidence not Abstracted.** The appellate court will not take notice of anything contained in a deposition which is not abstracted.

2. ———: **Abstract: Motion for New Trial.** The motion for a new trial should be set out in the abstract of the bill of exceptions and not in the abstract of the record proper.

3. **BOATS AND VESSELS: Sales: Statutes of United States: Parol Evidence to Establish Sale.** Section 4192, Revised Statutes of the United States, which provides that no bill of sale, mortgage, etc., of any vessel or part of any vessel of the United States shall be valid against any person other than the grantor of mortgagor, his heirs and devisees, and persons having actual notice thereof, unless recorded in the office of the collector of the customs where such vessel is registered or enrolled, is a mere registry act intended to prevent mortgages and other conveyances of vessels from having any effect against persons other than the grantor  or mortgagor and those claiming under them or having knowledge thereof, unless recorded as therein provided, and does not preclude the admission of parol evidence to establish the ownership of a steamboat, in an action by the purchaser for the conversion of fittings and other machinery taken therefrom.

4. ———: ———: **Parol Evidence: Statutes Construed.** Section 11519, Revised Statutes 1909, defines boats and vessels, and shares, portions, rights, or interests therein, as personal property, whether the boat or vessel shall have been registered, en-

rolled, or licensed in the state or not, and section 6339, Revised Statutes 1909, provides that a copy of the enrollment of a steamboat "shall, as against the persons described as owners of such steamboat in such enrollment, be prima facie evidence that they are the owners thereof." *Held*, that a copy of such enrollment is only prima facie evidence, and that the statutes do not preclude parol evidence to establish the ownership of a boat, in an action for conversion of the machinery thereof.

5. **CONVERSION: Plaintiff's Ownership of Property Converted: Sufficiency of Evidence.** In an action for the conversion of the machinery of a steamboat, evidence *held* to identify the steamboat from which the machinery was taken as one shown to have been sold to plaintiff by a third person.

6. **APPELLATE PRACTICE: Theory at Trial: Estoppel.** Where, in an action for conversion of the machinery of a steamboat, defendant justifies the taking of the machinery on the ground the machinery was sold to it by the person shown to have sold the boat to plaintiff, and its statement of facts on appeal proceeds on the same theory, it is estopped to deny the identification of the boat as the one sold to plaintiff.

7. ——: **Review: Rulings not Excepted to.** A statement to the jury by the court will not be reviewed where no exception thereto is preserved in the abstract of the bill of exceptions.

8. **WITNESSES: Competency: Transactions with Decedent: Survivor Competent, When.** Where the deposition of the deceased president of defendant corporation had been taken by a commissioner appointed by the court, and was on file in the case, no error was committed in permitting plaintiff to testify to a conversation with the president so far as the matter was covered by the deposition.

9. **APPELLATE PRACTICE: Review: Rulings not Excepted to.** The admission of evidence cannot be reviewed on appeal, where no exception was saved to its admission when it was offered.

10. ——: ——: **Matters not Specified in Motion for New Trial: Modified Instructions.** Where the court refuses to give plaintiff's instructions as asked and of its own motion modifies them and gives them to the jury, such instructions will not be reviewed on appeal, when the only complaint concerning the giving of instructions made in defendant's motion for a new trial was, that the court erred in instructing the jury on behalf of plaintiff.

11. **INSTRUCTIONS: Refusal: Commentary on Evidence.** A requested instruction on the measure of damages, which did not confine the jury to the question of damages but commented on facts in evidence and singled out certain controverted facts as proven, was properly refused.

Carpenter v. Machine Co.

On Motion for Rehearing.

12. **TRIAL PRACTICE: Motion to Strike Out Evidence: Appellate Practice.** Where evidence is admitted over objection, but no exception is saved thereto, and subsequently objection is made and exception is saved to the admission of like evidence, and thereupon a motion is made to strike out all of such evidence, which is denied, the propriety of admitting such evidence in the first place is not open to review, for the reason that, where evidence is admitted without objection made and exception saved at the time, a motion subsequently made to strike it out comes too late.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Frank E. Richey* and *Campbell Allison* for appellant.

(1) Neither trover nor conversion will lie when the plaintiff has neither the right of property in, nor the right of possession to, the chattels alleged to have been converted. Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Parker v. Rhodes, 79 Mo. 88; Meyers v. Hale, 17 Mo. App. 204; Frazier v. Railroad, 104 Mo. App. 355; Hardwick v. Cox, 50 Mo. App. 509; Greenway v. James, 34 Mo. 326; Davis v. Tandy, 107 Mo. App. 437; Thomas v. Rumsey, 47 Mo. App. 84. (2) Defendants were not affected by the pretended transfer of the steamboat Duce, from Koplar to the plaintiff Carpenter, for the reason that the "conveyance" was not recorded in the office of the surveyor of customs as required by law. Sections 4192, 4193, 4194, 4195, 4196, Revised Statutes, art. 52, Custom Regulations 1899. (3) The issue presented by the pleadings was plaintiff's ownership of the steamboat Duce, the boat described in plaintiff's amended petition. It was error to strike out of the instruction No. 1, the words, "described in plaintiff's petition," and insert in lieu thereof the words, "described and referred to in the evi-

dence.'' Issues not presented by the pleadings should not be presented to the jury. Beck v. Farrare, 19 Mo. 30; Budd v. Hoffmeyer, 52 Mo. 303; Turner v. Williams, 76 Mo. 618; Waldheir v. Railroad, 71 Mo. 516; Ely v. Railroad, 77 Mo. 34; Cole v. Armour, 154 Mo. 351; Clemons v. Yates, 190 Mo. 1; Ingwerson v. Railroad, 205 Mo. 332; George v. Railroad, 40 Mo. App. 433; Wright v. Fonda, 44 Mo. App. 634; State ex rel. v. Settington, 51 Mo. App. 256; Whipple v. Peter Cooper, 55 Mo. App. 654; Tousig v. Winf, 98 Mo. App. 137; Vatch v. Normand, 113 Mo. App. 174. (4) If the plaintiff, Carpenter, was the owner of the steamboat called the Duce, the act of the defendant in going on her without authority from the plaintiff and removing the machinery were in themselves acts of trespass and conversion of the property carried away. It is no defense that defendants were, in good faith, acting under supposed authority from one who was not the owner. Koch v. Branch, 44 Mo. 542; Timber Co. v. Cooperage Co., 112 Mo. 383; Ess v. Griffith, 128 Mo. 50; Moon v. Lang, 77 Mo. App. 481. (5) The measure of damage for the wrongful conversion of personal property is the value of the property when taken. Walker v. Borland, 21 Mo. 279; Spencer v. Vance, 57 Mo. 427; State ex rel. v. Gage Bro., 52 Mo. App. 464; State ex rel. v. Wilson & Co., 76 Mo. App. 472; State ex rel. v. Parsons, 109 Mo. App. 432; Carter v. Leland, 17 Mo. 383; Pope v. Allen, 19 Mo. 467; Watson v. Harmon, 85 Mo. 443; State v. Smith, 31 Mo. 667; R. S. 1889, sec. 4430.

*John T. Fitzsimmons* for respondent.

(1) A wrongdoer cannot as a defense to an action for conversion show title in a third person. Defendant admits it was a wrongdoer as to plaintiff in removing the machinery from his steamboat. It follows that even if the steamboat Deuce from which the machinery

was removed by defendant was the same steamboat Deuce which was the subject-matter of the records of registry and bill of sale introduced by defendant, the proof of superior title in the holder of the recorded bill of sale is no defense to this action. Armory v. Delamirie, 1 Str. 504 also reported in Smith's Leading Cases, vol. 1, p. 631; Ninth Am. Ed. from the 9th English Edition; Van Zant v. Hunter, 1 Mo. 71; Turley v. Tucker, 6 Mo. 583; Parker v. Rodes, 79 Mo. 88, 91; Craig v. Mason, 64 Mo. App. 342. (2) Neither registry, nor enrollment nor a bill of sale is necessary as a muniment of title to a steamboat or to goods and chattels forming part of the steamboat. The United States Statutes relating to bills of sale of vessels have no application whatever to the issues in this case. Ward v. Bodeman, 1 Mo. App. 272; R. S. 1899, sec. 9123, and section 11519, the corresponding section in the 1909 Revision; R. S. of Mo., sec. 3143, and section 6339, the corresponding section in the 1909 Revision; The Federal Statutes Annotated, secs. 4192, 4193, 4194, 4195, 4196; Vol. 7, beginning at p. 42; Bank v. Williams, 43 La. Ann. 418; Bofinger v. United States, 18 Court of Claims, 148; In re The J. E. Rumbell, 148 U. S. 15. (3) The instructions correctly state the law as to the measure of damages. The sale price of the converted property was not declared to be the measure of damages as appellant complains and argues. Nor was testimony of the sale of the machinery in question received in proof of the measure of damages. Carter v. Feland, 17 Mo. 383; Polk's Admr. v. Allen, 19 Mo. 467; Spencer v. Vance, 57 Mo. 427; Loeffler v. Packet Co., 7 Mo. App. 185; Green v. Stephens, 37 Mo. App. 641; Dulaney v. Refining Co., 42 Mo. App. 659; Mfg. Co. v. Huff, 62 Mo. App. 124; Horine v. Bone, 69 Mo. App. 48; State ex rel. v. Fidelity & Deposit Co., 94 Mo. App. 184; Bank v. Powers, 102 Mo. App. 415; 28 Am. & Eng. Ency. Law (2 Ed.), p. 691, et seq; 121 Enc. of Pl. & Pr., p. 1118; Bancroft Co. v. Has-

lett, 106 Cal. 151; Sparks v. Purdy, 11 Mo. 219; State
ex rel. v. Stead, 72 Mo. App. 581. (4) If the instruc-
tion were erroneous as to the measure of damages
(which respondent denies), appellant can not take ad-
vantage of the error, because defendant's motion for
a new trial did not direct the court's attention to the
error. If the admission of testimony of the sale of
the machinery in question by appellant was improper,
no objection was made nor exception saved to the rul-
ing of the court at the time, and therefore the admis-
sion of the testimony can not be complained of on ap-
peal. Jennings v. Kansas City, 105 Mo. App. 677;
Fullerton v. Carpenter, 97 Mo. App. 197; State v.
Grant, 194 Mo. 364; State v. Scott, 214 Mo. 257; Stone
v. Wolfskill, 59 Mo. App. 443. (5) It does not appear
from an examination of the abstract that the court
amended any instruction by striking out the words
"described in plaintiff's petition," and inserting in
lieu thereof the words, "described and referred to in
the evidence." But if such amendment were made as
appellant complains, it was properly made. Instruc-
tions should not refer the jury to the petition or other
pleadings. The pleadings are not evidence and are
not permitted to be before the jury when it is consid-
ering a verdict. Edelmann v. Transfer Co., 3 Mo. App.
503; McGinness v. Railroad, 21 Mo. App. 399; Proctor
v. Loomis, 35 Mo. App. 482; Clark v. Loan Co., 46 Mo.
App. 248; Grant v. Railroad, 25 Mo. App. 227. (6)
The court did not err in admitting testimony of con-
versations with William Gruendler during his life-
time since the deposition of William Gruendler was on
file in the court at the time of the trial. Appellant
made no objection to the testimony as to these conver-
sations on the ground of the death of William Gruend-
ler. Appellant cross-examined plaintiff as to these
conversations. Coughlin v. Haeussler, 50 Mo. 126; Al-
len v. Chouteau, 102 Mo. 309; Hayden v. Grillo, 42 Mo.
App. 1; Stone v. Hunt, 114 Mo. 66.

REYNOLDS, P. J.—This action was instituted in the circuit court of the city of St. Louis and resulted in a verdict and judgment in favor of plaintiff and against the defendant corporation, for $570 actual damages. That defendant appealed to this court, from which the cause was transferred to the Springfield Court of Appeals under the act of the General Assembly, approved June 12, 1909 (Laws 1909, p. 396, now section 3939, R. S. 1909). There the case was argued and submitted and the judgment of the circuit court affirmed. The Supreme Court having a short time afterwards, by its decision in State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, held that court to be without jurisdiction in cases so transferred, the opinion of the Springfield Court of Appeals has not been published.

The case coming back to us has been argued and submitted.

The amended petition upon which the case was tried averred that about March 15, 1906, plaintiff was in possession as of his own property, of a certain steamboat named the "Deuce," lying at the foot of Potomac street in the city of St. Louis, and of certain chattels in and upon the boat consisting of a marine boiler, two engines and other machinery, equipment and tackle, and that on the day named, defendants (there being two of them named in the amended petition) entered upon the steamboat, without the consent of plaintiff, and detached and removed the boiler, engines, etc., and in so detaching and removing them wrecked the pilot house and willfully, wantonly, maliciously and unlawfully converted the machinery to their own use and made away with and disposed of it, and wrongfully and wantonly overruled the rights of plaintiff for their own selfish purposes; that plaintiff had been damaged by the wrongful conversion of the goods and chattels in the sum of $500, and in injury to the boat and in the removal therefrom of the ma-

chinery, etc., in the further sum of $500. Judgment is accordingly prayed for $1000 and interest from the date named, as also for $500 punitive damages.

The answer to this amended petition was a general denial, save that the incorporation of appellant was admitted.

At the close of his testimony plaintiff took a nonsuit against the individual defendant and by leave of court amended the *ad damnum* clause of the petition by placing the damages for the conversion of the chattels at $750, the damages to the boat at $500, making the actual damages claimed $1250, and leaving the punitive damages at $500. We may dispose of the claim for punitive damages by saying that no instructions were asked or given looking to punitive damages, and no point is made upon this by counsel on either side.

The evidence in the case tended to show that in the years 1902 or 1903, the United States government sold three small steamboats, each forty or fifty feet long and ten feet beam, to the Mayer Fertilizer Company. One of these boats was named "Ace," another "Deuce," the other "Thetis." Afterwards, apparently in 1904, the Mayer Fertilizer Company sold the three boats to one Koplar, and about the middle of December, 1904, Koplar sold one of these boats, said to be the "Deuce," to the plaintiff Carpenter. After Carpenter bought her she was lying near the foot of Dorcas street, St. Louis, and Carpenter wanted to move her down the river to Carondelet, or South St. Louis. For some reason not disclosed, she could not be moved by her own machinery, so that Carpenter and others with him, on the suggestion that they could get her into the current of the river and by help of oars move her down to the place desired, undertook to do this. When the boat reached the foot of Potomac street, she was caught against a dyke extending out into the river at that point and thrown against the bank so that they had to tie up until they could get some one to

tow her out. She lay there that winter and the following year, and until March, 1906, having in the meantime been caught by the ice and partially sunk. Plaintiff was asked if he had been in possession of the boat and kept constant charge and possession of her from the time he bought her in February, 1904, until the machinery was removed. He answered, ''Yes, sir; I had undisputed possession and kept charge of it.'' This was objected to and motion made to strike it out as a conclusion. The court sustained the motion as to that part of it which said he had ''undisputed possession,'' but not the part which says, ''I had possession.'' No exception was saved to this ruling by either side. Plaintiff further testified that all the machinery, etc., was in the boat prior to March 15, 1906; after that it was not but all had been taken away prior to March 15, 1906. About the 15th of March, 1906, according to plaintiff and his witnesses— in December, according to defendant's witnesses—persons in the employ of the defendant company removed the machinery, fixtures and tackle specified in the amended petition from the boat and took it to defendant's plant. A witness for plaintiff, who had been in the employ of defendant, testified that he had charge of taking out the machinery from the boat and that they (defendant) commenced taking it out in February or March, 1906, and that it was then thought by Mr. Gruendler that the boat belonged to Koplar. Plaintiff testified positively that when he went to the boat in March, 1906, he found part of the boiler of the boat loaded on a wagon, the other machinery, etc., having been removed before then, and when he asked the men who were loading the boiler on to a wagon, who had authorized them to do that, he was told the machinery taken out of the boat had been and was being hauled to defendant's plant; that they were working under direction of Mr. Gruendler, who it appears was president of the defendant company. Where-

upon plaintiff went to the works of defendant and
asked some one there, who it was is not clear, what
authority they had to tear the machinery off of his boat.
Plaintiff testified that he supposed the man he talked
to was Mr. Gruendler; that he supposed that he was
talking to him.  Objection was thereupon interposed to
plaintiff testifying as to any conversation with Mr.
Gruendler, he being dead at the time of the trial. The
objection was overruled, it appearing that the deposi-
tion of Mr. Gruendler had been taken before a commis-
sioner appointed by the court and had been signed by
Mr. Gruendler; that he had been represented at the
taking of the deposition by counsel, and that the depo-
sition was on file in the case.  In overruling the objec-
tion the court stated that the witness might be exam-
ined on any matter upon which Mr. Gruendler had been
examined.  Exception was duly saved to this ruling.
We find in the abstract of the record, however, fur-
nished by appellant, no abstract of or even reference
to the deposition of Mr. Gruendler, but in an additional
abstract furnished by counsel for respondent, it does
appear that plaintiff offered and read in evidence the
deposition of Mr. Gruendler and that the bill of excep-
tions calls for the insertion of it.  In point of fact,
it is not clear that the person with whom plaintiff had
the conversation was Mr. Gruendler.  He testified that
when he went to the works of defendant, he asked for
Mr. Gruendler and they pointed out a man to him as
Mr. Gruendler.  He further stated that he had been
present when Mr. Gruendler's deposition was subse-
quently taken and had seen him then but he was unable
to say that the gentleman then identified to him as Mr.
Gruendler was the person with whom he had carried
on the conversation at the works of defendant.  Prac-
tically all the testimony by plaintiff as to this conver-
sation is this:  Asked to state it, plaintiff said he did
not have much to say—was not in a good humor, sim-

ply asked them by what authority they had taken the machinery off his boat, and they said the boat owed them a bill and that Koplar had authorized them to take the machinery off there. Whereupon plaintiff said he did not think Koplar had any right to authorize them to take the machinery away, because it belonged to him (plaintiff). That, plaintiff testified, he said to the office force. Whereupon defendant moved to strike out all the testimony of plaintiff concerning the conversation he said he had with Mr. Gruendler concerning the purchase of this boat and buying it from Koplar because of the provisions of section 4192, Revised Statutes U. S., hereafter quoted. The motion to strike out was overruled but, as admitted by counsel for appellant, no exception appears to have been saved to this ruling. Plaintiff testified that he had never authorized defendant to take the machinery and that when he was at the plant of defendant he saw part of it there. At all events, it appears that defendant refused to recognize any ownership of plaintiff in this machinery or in the boat, and that immediately after plaintiff had been to the plant of the defendant, defendant had overhauled the machinery and then sold it to a third party. There was evidence of the price at which the machinery was sold to a third party by defendant but no exception saved to its admission. There was testimony tending to show that the value of the engine at the time it was taken from the boat was between three and four hundred dollars, that of the boiler about four hundred and fifty dollars, and the pump about ten dollars.

On the part of defendant there was evidence tending to prove that after Koplar had purchased the steamboat called "Deuce," from the Mayer Fertilizer Company, he had sold a boat under that name to a man called Johnson, who had first taken it up the Mississippi river and afterwards down the river and into

the Ohio, and had there, about 1907, sold it to a man named Clark, who, at that time was running it in the Ohio river and had registered it at the port of Evansville, Ind. The registry and bill of sale to Johnson were in evidence, showing that they had been filed and recorded and taken out before the proper United States officers at St. Louis. The subsequent transfer to Clark and the Evansville registry were offered but excluded. All these referred to a steamboat called "Deuce," the first from Koplar to Johnson, the other from Johnson to Clark. Koplar testified that the vessel which was described in the bill of sale from him to Johnson and which was the one that had been registered with the United States authorities was not the "Deuce" which he sold to plaintiff, although it was described in the papers as the "Deuce." There was no evidence of any registration of a transfer of any boat from Koplar to the plaintiff Carpenter, although Koplar testified that he had executed and acknowledged such a paper. At the close of the testimony in chief for plaintiff, counsel for defendant moved to strike out all of the testimony of plaintiff about the conversations he had had with Mr. Gruendler and concerning the purchase of the boat from Koplar, on the ground that by section 4192, Revised Statutes of the United States, no bill of sale is valid against any other person than the grantor thereof unless the bill of sale is recorded with the collector of customs where such vessel is registered and enrolled. It appears that this objection was overruled but no exception is shown in the bill of exceptions to this ruling. Mr. Koplar, testifying, denied having given any permission to defendant to remove the machinery and denied having had any conversation with Mr. Gruendler on the subject. It may be here said that there is no evidence in the abstract to sustain the claim that Koplar had ever given any authority or had ever made any arrangement with defendant about taking out the machinery.

No witness testified to any such matter, and when one of them was asked if Mr. Gruendler had not reminded him that Koplar had made some such arrangement in his presence, the witness denied to Mr. Gruendler that he had ever heard Koplar say anything about it to him (Gruendler). It is probable that counsel for appellant, in making the claim that there was such an arrangement in evidence, as they do, are relying upon the deposition of Mr. Gruendler, but as neither counsel have abstracted that deposition we cannot take any notice of anything which may be in it.

At the close of plaintiff's testimony, defendant demurred, asking an instruction that under the law and the evidence plaintiff could not recover, counsel also stating that he desired to offer another instruction in behalf of defendant, based on the ground that there is no title shown by the evidence such as could be used against defendant, because section 4192, Revised Statutes of the United States, provides that no conveyance of any vessel is valid against any one except the grantor, unless the same be recorded in the home port where the vessel is documented, and because under the evidence no such evidence of possession was shown as would dispense with a bill of sale under the Missouri statute. This was overruled and exception duly saved. At the close of all the testimony in the case plaintiff asked two instructions, which the court refused to give as asked and of its own motion modified them and as so modified gave them to the jury. These instructions are marked 1 and 4. The court of its own motion further instructed the jury as to the burthen of proof and as to the credibility of witnesses and as to the number of jurors necessary to concur in a verdict. The defendant excepted to the giving of all these instructions. At the instance of defendant the court gave an instruction to the effect that unless the jury believed and found from the evidence that plaintiff was possessed of the steamer

"Deuce," as his own property at the time mentioned in the petition, they would find the issues for the defendant. Six other instructions were asked by defendant, all of which were refused, defendant excepting. As before noted, there was a verdict for plaintiff in the sum of $570, incorrectly stated in the abstract of appellant as $470. Defendant appears to have then filed a motion for new trial. What is claimed to be that motion is set out, not in the abstract of the bill of exceptions, where it should be, but in the abstract of the record proper. No point is made on this by counsel for plaintiff. It contains eight grounds of error. The third ground is: "The court erred in improperly and erroneously instructing the jury on behalf of plaintiff." There is no averment of error in instructions given by the court of its own motion. The motion for new trial appears to have been overruled and exception saved.

Appellant makes twelve assignments of error. The first goes to the admission of oral evidence of the sale of the steamboat from Koplar to Carpenter, in the absence of a bill of sale properly recorded in compliance with section 4192, of the Revised Statutes of the United States. That section, so far as necessary to here notice, reads: "No bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled." This section in our judgment has no application whatever to the case before us. As was held by the Supreme Court of the United States in The J. E. Rumbell, 148 U. S. 1, l. c. 15, and following, that section is a mere registry act, intended to prevent mortgages and other conveyances of vessels from having any effect against

persons other than the grantor or mortgagor, and those claiming under them, or having actual knowledge thereof, unless recorded as therein provided. "It manifests no intention," says the court in that case, "to confer upon the mortgagee any new right, or to make the mortgage a maritime contract, or the lien created thereby a maritime lien, or in any way to interfere with maritime contracts or liens, or with the jurisdiction and procedure in admiralty."

Our court in Ward v. Bodeman, 1 Mo. App. 272, approved an instruction which told the jury that the bill of sale of a boat read in evidence "does not settle or decide the title to the boat, but it is for the jury to say, from all the evidence in this case, what relation the defendants occupied towards the boat, and in whom the ownership or interest really was. It is not necessary for plaintiffs, in order to make out their case, to show that any written instrument was executed, or any particular form gone through with."

Our statute, section 11519, Revised Statutes 1909, defines boats and vessels as included within the term personal property, and that "every share or portion, right or interest, either legal or equitable, in and to every ship, vessel or boat, of whatsoever name or description, whether such ship, vessel or boat shall be within the jurisdiction of this State or elsewhere, and whether the same shall have been enrolled, registered or licensed at any collector's office, or within any county or collector's district in this State or not."

Section 6339, Revised Statutes 1909, is of the same legal effect as section 4192, Revised Statutes of the United States. This section 6339 provides that a copy of the enrollment of a steamboat duly certified "shall, as against the persons described as owners of such steamboat in such enrollment, be prima facie evidence that they are the owners thereof." That is, prima facie only, not conclusive, and that is practically what is said by the instruction which was ap-

proved in Ward v. Bodeman, supra, and in line with the Rumbell case, supra. There was ample evidence in this case before the jury that no matter what its name might be, the boat which was lying against the dyke and from which the machinery had been taken was the very same boat that Koplar had sold to plaintiff Carpenter and that it was out of this boat that this machinery was taken. It was in evidence that it was not an uncommon thing to have different boats with the same name, but whether that was so in this case or not, and whether this name ''Deuce'' was duplicated or not, is entirely immaterial. It is very clear from the evidence in the case that the boat which Koplar sold or is said to have sold to a man named Johnson or Hobart, could not possibly have been the boat which was lying off the dyke, for the evidence is conclusive that that boat is still afloat and registered as in service on the river. Moreover, the testimony of one of defendant's own witnesses is that in a conversation he had had with Koplar about two weeks before defendant commenced taking the machinery off the boat, which was in December, 1905, Koplar and this witness were referring to this identical boat from which the machinery was taken as the ''Deuce.'' As the alleged sale of the ''Deuce'' to Johnson is claimed to have taken place in October, 1904, it would seem that by whatever name he had sold the vessel to Johnson, the vessel actually sold to the latter could not possibly have been the one from which the machinery was taken and which was known as the ''Deuce'' when defendant removed the machinery from it. Moreover, defendant is estopped by its own evidence and the statement of facts made to us by its counsel, from making any such claim, for the sole justification pretended is authority from Koplar to take this machinery from a boat then recognized as the ''Deuce.'' There was no error whatever in the court admitting oral evidence of a sale of the steamboat from Koplar to Carpenter, nor lack of

evidence that the boat from which the machinery was taken was called "Deuce." This disposes of the first assignment of error.

The second assignment is to the error of the court in refusing to sustain defendant's demurrer to the evidence at the close of plaintiff's evidence. As will be gathered from what we have said, the demurrer was properly overruled.

The third assignment of error is to the act of the court in stating to the jury that the bill of sale from Koplar to Johnson, of date October 22, 1904, was received solely for the purpose of impeaching the testimony of Koplar. We dispose of this objection by saying that there is no exception whatever preserved in the abstract of the bill of exceptions to this ruling of the court.

There are two assignments of error numbered four. The first of these is to the admission in evidence of conversations alleged to have been had with Gruendler and the plaintiff during the lifetime of Gruendler, he being dead. This objection is disposed of by several decisions of our Supreme Court, particularly that in Stone v. Hunt, 114 Mo. 66, 21 S. W. 454, where Judge BLACK, referring to the statute excluding one party as a witness when the other is dead, holds that the object of that statute was to place parties on an equality, and that the course of decision has been to follow the spirit rather than the strict letter of the law, and that the statute was not intended to exclude evidence which was admissible and competent when it was given. "Where, therefore," says Judge BLACK, l. c. 71, "the testimony of one of the parties to a suit has been taken in the form of a deposition, or his testimony has been preserved by a bill of exceptions, and such party is dead, the living party may testify in his own behalf, and this too whether the representative of the deceased does or does not produce and introduce the testimony of the deceased. Such

a rule leaves the parties upon an equality, and is in accord with the object of the statute.''

In the case at bar the learned trial judge, out of great caution, limited the testimony of this living party to such matters as had been covered by the deposition of the deceased party.

The second of the fourth assignment of error is that the court erred in admitting evidence of the sale of the machinery at a time four months after the same had been removed from the vessel in question. As before stated, we find no exception saved to this evidence when offered.

The fifth assignment of error is that the court had held as a matter of law that the measure of damage was not the value of the goods as they were just prior to and at the time the same were taken from the vessel. We do not understand that the court did this. But as what the court did say as to the measure of damage, was in the instructions given by the court of its own motion, and as the giving of them is not assigned as error in the motion for a new trial, we cannot review them for any alleged error.

The sixth assignment of error is that the court erred in holding that plaintiff could recover on proof of a different state of facts than that set forth in the petition. We find nothing to sustain this. Defendant's own evidence identified the boat from which the machinery was taken as the "Deuce;" defendant itself sought to claim under Koplar as owner in December, 1904, of the boat then sunk at the dyke and then known as the "Deuce."

The remaining assignments of error go to the instructions, and also the usual assignments that the motion for a new trial should have been sustained, and that the verdict is against the weight of the evidence and the law. As will be seen by the motion for new trial, no error is assigned to the giving of the instructions of the court on its own motion. The court re-

fused all the instructions asked by plaintiff and the instructions which were given appear to have been given of the court's own motion. They were not attacked in the motion for new trial. No question as to their correctness is open to us for any alleged error in them. Defendant asked an instruction as to the measure of damages, which was refused. It was correctly refused. It did not confine the jury to the question of damages but commented on facts in evidence and singled out certain facts as proven, those facts being controverted. This was error and the instruction was properly refused. Counsel complain that there was error in striking out the words "described in the amended petition," and inserting the words "described in and referred to in the evidence," in some instruction. It is claimed that they presented an issue not made by the pleadings. We find no instruction in the abstract in which this occurred.

Nor do we find error in refusing the other instruction asked by defendant. Those which were not mere repetitions of what the court had said in the instructions which it gave, were properly refused. In point of fact the learned counsel for appellant, while assigning error to the refusal of all of its instructions, in the careful argument accompanying their brief, make no argument whatever in support of these instructions, except as to the fourth, and this we have disposed of above.

On a careful consideration of the testimony as abstracted, we are satisfied that the verdict and judgment are for the right party. This defendant, as disclosed by the evidence, was a mere trespasser, with no color of right whatever. We find no reversible error in the record of the case. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—It is argued that we have overlooked the recitals in the abstract when we say in our opinion that there does not appear to be objection or exception to the admission of evidence as to the value of the machinery when sold by defendant and as to the price realized on that sale.

It is true that objections were interposed when this line of proof was offered, but when those objections were overruled, no exception appears to have been saved, so that it was as if no objection had been made; the objection disappeared as completely as if never made.

It is also true that when in cross-examination of a witness by counsel for appellant, the court interposed and asked the witness as to what repairs had been made on the machinery by the defendant, counsel for appellant (defendant below) did object, the objection was overruled and he preserved his exception. After some colloquy between the court and counsel, counsel for defendant then said that he "objected to the evidence and that he moved to strike out all the testimony in regard to the sale of the property to the Dunklin Land & Lumber Company." The court overruled this motion and counsel for defendant did duly except. But it must be remembered that both these exceptions appear as saved after this witness had testified in chief and after other witnesses had testified to these matters, and had told of the sale, without exception saved to any objections. It has been ruled many times that after evidence goes in without objection saved at the time, a motion subsequently made to strike it out comes too late.

The remaining points made in support of the motion for rehearing are untenable. That motion is overruled. All concur.